**WO**                                                                                                          JDN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Trotter, | ) No. CV 05-1175-PHX-DGC (ECV) |
| Plaintiff, | ) **ORDER TO SHOW CAUSE** |
| vs. | ) |
| Joseph Arpaio, | ) |
| Defendant. | ) |

This is one of more than one thousand civil rights actions filed since September 2004 by Maricopa County Jail inmates.[1] Plaintiff was formerly confined in the Maricopa County Durango Jail in Phoenix, Arizona. Because Plaintiff was a prisoner at the time he filed his Complaint, he became obligated to pay the civil action filing fee. See Taylor v. Delatoore, 281 F.3d 844, 847 (9th Cir. 2002) ("Under the PLRA, all prisoners who file IFP civil actions must pay the full amount of the filing fee."); 28 U.S.C. § 1915(b)(1). Plaintiff requested leave to proceed *in forma pauperis*, however, he used an outdated form which instructed him that the filing fee was $150.00. Effective February 7, 2005, the filing fee for a civil rights action increased to $250.00. See 28 U.S.C. § 1914, amended by, Consolidated

---

[1] Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.). No such fund exists. The inmates in Hart asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion whether Plaintiff's lawsuit may result in an award of damages.

**JDDL**

1 Appropriations Act of 2005, Pub. L. No. 108-447, 118 Stat. 2809, Sec. 307 (December 8,
2 2004). Plaintiff filed his Complaint after February 7, 2005 and is, therefore, subject to the
3 $250.00 filing fee.

4 Soon after filing his Complaint, Plaintiff submitted a change of address to a private
5 residence. See Dkt. #3. Because Plaintiff has been released from jail, the $250.00 filing fee
6 can no longer be collected from his inmate trust account. Accordingly, the $250.00 civil
7 action filing fee is now due in full unless Plaintiff can show good cause why he should not
8 be required to pay it immediately.

9 Plaintiff will be given thirty days in which he must either pay the $250.00 filing fee
10 or respond to this Order in writing. Plaintiff's written response must include: (1) a
11 statement of Plaintiff's date of release; and (2) Plaintiff's affirmation that he has paid or will
12 pay the unpaid balance of the filing fee in full no later than 120 days from the date of his
13 release or Plaintiff's affidavit under penalty of perjury demonstrating good cause why he
14 is presently unable to pay the outstanding balance of the filing fee. See 28 U.S.C. § 1746
15 (the oath requirement may be satisfied when a person declares under penalty of perjury
16 that the submission is true and correct, and signs and dates the statement). If Plaintiff
17 chooses to demonstrate good cause, he must describe his current financial condition in
18 detail, including his sources of income, whether he is employed, and any liabilities he may
19 have.

20 Plaintiff should take notice that if he fails to timely comply with every provision of
21 this Order, or any order entered in this matter, this action will be dismissed pursuant to
22 Rule 41(b) of the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258
23 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of the
24 court).

25

26 **IT IS THEREFORE ORDERED that:**

27 (1) Plaintiff shall have **thirty (30) days** from the date this Order is filed to either pay
28 the $250.00 filing fee in full or to respond as described in this Order.

JDDL

- 2 -

1    (2)    The Clerk of Court shall enter a judgment of dismissal of this action without prejudice and without further notice if Plaintiff fails to comply.

DATED this 19th day of October, 2005.

*David G. Campbell*
United States District Judge